| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| DISTRICT OF DELAWARE | |
| Case number *(if known)* | Chapter 7 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name** — **Lactuca Holdings, LLC**

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names — **DBA Kalera**

**3. Debtor's federal Employer Identification Number** (EIN) — **93-2300793**

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **345 High Street, 7th Floor**<br>**Hamilton, OH 45011** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Butler** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL) — **https://www.80acresfarms.com**

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**1114**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | | When | | Case number | |
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

Debtor **Lactuca Holdings, LLC** Case number (*if known*)
Name

List all cases. If more than 1, attach a separate list

Debtor **See Rider 1** Relationship **Affiliate**

District **Delaware** When Case number, if known

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Lactuca Holdings, LLC**
Name

Case number (*if known*)

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 25, 2026**
MM / DD / YYYY

*X* **/s/ Boris Zelkind**
Signature of authorized representative of debtor

**Boris Zelkind**
Printed name

Title **Secretary**

---

**18. Signature of attorney**

*X* **/s/ Steven W. Golden**
Signature of attorney for debtor

Date **August 25, 2026**
MM / DD / YYYY

**Steven W. Golden**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **713-691-9385** Email address **sgolden@pszjlaw.com**

**6807 DE**
Bar number and State

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

1. 80 Acres Florence LLC
2. 80 Acres Urban Agriculture, Inc.
3. Lactuca Atlanta, LLC
4. Lactuca Denver, LLC
5. Lactuca Holdings, LLC
6. Lactuca Houston, LLC
7. SG Assets LLC
8. ShenGrow, Inc.
9. Soli Organic, Inc.
10. Trellis Loop Atlanta I, LLC
11. Trellis Loop Florence I, LLC
12. Trellis Loop Hamilton, LLC

**UNANIMOUS WRITTEN**
**CONSENT OF THE AUTHORIZING BODY**
**OF EACH OF THE ENTITIES LISTED ON SCHEDULE I HERETO**

August 21, 2026

The undersigned, being the managing member, the sole member, all of the members of the boards of directors or managers, or other governing body (each, an "Authorizing Body" and, collectively, the "Authorizing Bodies") of each of the entities listed on **Schedule I** attached hereto (each, a "Company" and, collectively, the "Companies"), pursuant to the applicable laws of each jurisdiction in which each of the Companies is organized or incorporated, as applicable, and the applicable governing documents of the Companies (collectively, the "Governing Documents"), acting by written consent in lieu of a meeting, do hereby unanimously consent to the adoption of the following resolutions (the "Resolutions") and direct that this action by unanimous written consent be filed in the records of the Companies.

WHEREAS, the Authorizing Bodies have reviewed the historical performance of the Companies, the market for the Companies' products and services, and the current and long-term liabilities of the Companies;

WHEREAS, the Authorizing Bodies, having reviewed and considered the materials presented by the management of and the advisors to the Companies, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to them, and the impact of the foregoing on the Companies' business and their stakeholders;

WHEREAS, the Authorizing Bodies have determined to their reasonable satisfaction that the value of each Company's assets is insufficient to satisfy the liabilities of each Company;

RESOLVED, THEREFORE, that in the business judgment of the Authorizing Bodies, after consideration of the alternatives presented to them, the recommendations of senior management of the Company, and the advice of the Companies' professionals and advisors, that it is in the best interests of each Company, its creditors, members, and other interested parties, that a voluntary petition be filed by each Company under the provisions of Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"); and it is

RESOLVED, that the officers of the Companies (the "Officers"), including Michael Zelkind and Jed Lynch, be, and they hereby are, authorized to execute and file on behalf of the Companies all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem necessary or proper to obtain such relief; and it is

RESOLVED, that the Officers be, and they hereby are, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP as bankruptcy counsel to the Companies to represent and assist the Companies in filings under Chapter 7 of the Bankruptcy Code; and it is

RESOLVED, that the Officers be, and they hereby are, authorized and directed to employ Ankura Consulting Group as financial advisor to the Companies to represent and assist the Companies in filings under Chapter 7 of the Bankruptcy Code; and it is

RESOLVED, that the Officers are authorized, empowered and directed to take any and all further action and to execute and deliver any and all such further instruments and documents and to pay all such expenses, where necessary or appropriate, in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

RESOLVED, that all actions taken by the Officers prior to the date hereof in connection with the possible liquidation of the Companies or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved; and it is

RESOLVED, that the Authorizing Bodies hereby adopt and incorporate by reference any form of specific resolution to carry into effect the intent and purpose of the foregoing Resolutions, or to cover authority included in matters authorized in the foregoing Resolutions, including forms of resolutions in connection therewith that may be required by any state, other jurisdiction or other institution, person or agency, and a copy of these Resolutions shall be filed with the records of the meetings of the Authorizing Bodies and certified as duly adopted thereby; and it is

RESOLVED, that the Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and it is

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of the Authorizing Bodies; and it is

RESOLVED, that (a) the foregoing Resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these Resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Authorizing Bodies and the Companies; and it is

RESOLVED, that this consent shall become effective as of the date first set forth above upon each Company's receipt of the executed counterpart signature pages from the respective members of each Authorizing Body.

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of each Authorizing Body, duly called and constituted, pursuant to the applicable laws of the jurisdiction in which each Company is organized.

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of 80 Acres Urban Agriculture, Inc., have executed this Action by unanimous written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**80 ACRES URBAN AGRICULTURE, INC.**

DIRECTORS

Mike Zelkind
Mike Zelkind (Aug 21, 2026 20:36:11 EDT)
Michael Zelkind

Patricia Livingston
Patricia Livingston (Aug 21, 2026 16:56:59 EDT)
Patricia Livingston

Eli Aheto
Eli Aheto (Aug 21, 2026 19:06:31 EDT)
Eli Aheto

Walter Robb (Aug 22, 2026 09:21:20 EDT)
Walter Robb

Ronald Brandon
Ron Brandon
Ronald Brandon (Aug 21, 2026 16:54:12 EDT)

Adam Dotson

J.P. Bretl
J.P. Bretl
J.P. Bretl (Aug 21, 2026 16:55:07 EDT)

Robert Fisher
Robert Fisher (Aug 21, 2026 16:59:53 EDT)

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of Soli Organic, Inc. and ShenGrow, Inc., have executed this Action by unanimous written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**SOLI ORGANIC, INC.**
**SHENGROW INC.**

DIRECTORS

Mike Zelkind
Mike Zelkind (Aug 21, 2026 20:36:11 EDT)
Michael Zelkind

Patricia Livingston
Patricia Livingston (Aug 21, 2026 16:56:59 EDT)
Patricia Livingston

IN WITNESS WHEREOF, the undersigned, being the sole member of the Companies listed below has executed this unanimous written consent as of the date first written above.

**80 ACRES URBAN AGRICULTURE, INC.,**
**AS SOLE MEMBER OF**

**TRELLIS LOOP HAMILTON, LLC**
**LACTUCA HOLDINGS, LLC**
**TRELLIS LOOP ATLANTA I, LLC**
**TRELLIS LOOP FLORENCE I, LLC**
**80 ACRES FLORENCE LLC**

By: Mike Zelkind
Mike Zelkind (Aug 21, 2026 20:36:11 EDT)
Name: Michael Zelkind
Title: President

**LACTUCA HOLDINGS, LLC,**
**AS SOLE MEMBER OF**

**LACTUCA ATLANTA, LLC**
**LACTUCA DENVER, LLC**
**LACTUCA HOUSTON, LLC**

By: Mike Zelkind
Mike Zelkind (Aug 21, 2026 20:36:11 EDT)
Name: Michael Zelkind
Title: President

**SHENGROW, INC.,**
**AS SOLE MEMBER OF**

**SG ASSETS LLC**

By: Mike Zelkind
Mike Zelkind (Aug 21, 2026 20:36:11 EDT)
Name: Michael Zelkind
Title: President

## **Schedule I**

80 Acres Urban Agriculture, Inc.

Trellis Loop Hamilton, LLC

Lactuca Atlanta, LLC

Lactuca Holdings, LLC

Lactuca Denver, LLC

Trellis Loop Atlanta I, LLC

Lactuca Houston, LLC

Trellis Loop Florence I, LLC

Soli Organic, Inc.

ShenGrow, Inc.

SG Assets LLC

80 Acres Florence LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Lactuca Holdings, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

Name: 80 Acres Urban Agriculture, Inc.
Address: 345 High Street, 7th Floor
Hamilton, OH 45011

Dated: August 25, 2026

*/s/ Jed Lynch*
Jed Lynch
Chief Financial Officer

**Fill in this information to identify the case:**

Debtor name **Lactuca Holdings, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) ____________

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 25, 2026**

*X* **/s/ Jed Lynch**
Signature of individual signing on behalf of debtor

**Jed Lynch**
Printed name

**Chief Financial Officer**
Position or relationship to debtor

B2030 (Form 2030) (12/25)

# United States Bankruptcy Court
## District of Delaware

In re **Lactuca Holdings, LLC** Debtor(s) | Case No. ______ | Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **447,172.61** |
| Prior to the filing of this statement I have received | $ | **447,172.61** |
| Balance Due | $ | **0.00** |

2. $ **338.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

■ Debtor ☐ Other (specify):

4. The source of compensation to be paid to me is:

■ Debtor ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. [List other services that counsel has agreed to provide]
**Represent the Debtor at any initial debtor interview and meeting of creditors under section 341 of the Bankruptcy Code.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**(a) Representation of the Debtor's officers, directors, or other employees or agents, (b) Representation of the Debtor in any matter, adversary proceeding, or other claim filed or asserted by the Debtor or a party in a chapter 7 case of the Debtor, (c) Representation of the Debtor on issues of non-bankruptcy law, or the provision of substantive legal advice outside the insolvency area, unless we agree to represent the Debtor in such matters, and (d) advice or representation regarding matters of taxation, labor, securities, ERISA, probate/estate planning, criminal, or other non-bankruptcy or non-debtor/creditor specialties of the law.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**August 25, 2026**
*Date*

**/s/ Steven W. Golden**
**Steven W. Golden**
*Signature of Attorney*
**Pachulski Stang Ziehl & Jones LLP**
**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
**713-691-9385 Fax: 713-691-9407**
**sgolden@pszjlaw.com**
*Name of law firm*